**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RACHIT PATIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-2015-1295-HE |
| | ) | |
| BOARD OF REGENTS OF THE UNIVERSITY | ) | JURY TRIAL DEMANDED |
| OF OKLAHOMA d/b/a UNIVERSITY OF | ) | |
| OKLAHOMA COLLEGE OF MEDICINE, | ) | ATTORNEY LIEN CLAIMED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF,** and for his causes of action, shows this Court:

## PARTIES

1.      The Plaintiff is Rachit Patil, who was a resident of the State of Oklahoma and now resides outside the State of Oklahoma.

2.      The Board of Regents of the University of Oklahoma is a state entity which is headquartered in Norman, Oklahoma, and which, with respect to the Plaintiff, was operating as the University of Oklahoma College of Medicine.

## JURIDICTION AND VENUE

3.      Plaintiff's action is one for national origin, gender and race discrimination, harassment, and or retaliation in employment which is prohibited by Title VII of the Civil Rights Act of 1964.  Jurisdiction over the federal claim is vested in this Court under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(1). Discrimination based on national origin and/or race is contrary to Oklahoma's clearly established public policy.  Jurisdiction over the state law claim is vested by 28 U.S.C. § 1367.

4.      The actions complained of arose in Cleveland County, which is located in the Western District of the federal district court for Oklahoma, and the

-1-

Defendant can be served in that location.  For this reason, venue is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391.

## STATEMENT OF FACTS

5.    Plaintiff is a male of Indian nationality who is of darker color and who was employed by the Board of Regents of the University of Oklahoma d/b/a the University of Oklahoma College of Medicine as a resident from July 2010 until his wrongful discharge from that position in August 2013.

6.    Plaintiff began being the victim of discrimination based on his race/nationality/color/gender on or about May 2011, when he was allegedly given a non-passing determination on a rotation by one out of four faculty evaluators, but was not notified of this for over a year.

7.    Plaintiff suffered further discrimination on the same basis by a faculty member in September 2012, when he was told that he was performing in a satisfactory manner and then failed for a rotation without the notice and knowledge necessary to correct any deficiencies.

8.    Plaintiff suffered further discrimination on the same basis when a faculty member of Pakistani origin announced in advance of receiving him for a rotation that Plaintiff was unqualified, and failed him on a rotation despite serving only 3.5 days of the rotation, while the other faculty passed him on this rotation.

9.    Plaintiff filed a grievance on this conduct, at which point a female faculty member retaliated by changing a passing grade to a failing grade, and the University cancelled his residency contract.

10.   Plaintiff was terminated from employment as a resident with the University as of Nov. 2013.

11.   Other residents of different gender, race, and national origin were treated

differently.   Without limitation, this would include Williams Wells (Caucasian male), who was not disciplined for not diagnosing a cleft palate which I (and the balance of the team) had not diagnosed; Ryan Knapp (Caucasian male) was, to Plaintiff's knowledge, failed for Neonatology but not placed on remediation; Courtney Shockley and Lori Crow, to Plaintiff's knowledge, did not properly complete their rotations, but were allowed to graduate.

12.    Plaintiff filed a charge of discrimination with the EEOC on or about Dec. 17, 2013, which was timely as being within 180 days of the date of discrimination.  Plaintiff's right to sue was issued on or about August 26, 2015, and received thereafter.  This action is filed within ninety (90) days of the receipt of the right to sue, and is therefore timely.

13.    As the direct result of such discriminatory and retaliatory actions, Plaintiff has suffered lost income, has suffered expenses in being forced to relocate and restart his internship program, and has suffered dignitary harms in the form of anguish, distress, and worry, for which he is entitled compensation.

**WHEREFORE,** the Plaintiff prays that judgment be entered in his favor and he be awarded all appropriate damages, attorneys fees and costs.

**RESPECTFULLY SUBMITTED THIS 20th DAY OF NOVEMBER, 2015.**

s/ Mark Hammons
Mark Hammons, OBA No. 3784
HAMMONS, GOWENS, HURST & ASSOC
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email:  mark@hammonslaw.com
Attorney Lien Claimed
JURY TRIAL DEMANDED