# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RACHIT PATIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-1295-HE |
| | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF OKLAHOMA d/b/a | ) | |
| UNIVERSITY OF OKLAHOMA | ) | |
| COLLEGE OF MEDICINE | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Rachit Patil ("Patil") was a resident physician in the pediatric residency program at the University of Oklahoma College of Medicine. His residency was terminated in November 2013, and he has now filed suit against defendant Board of Regents of the University of Oklahoma d/b/a University of Oklahoma College of Medicine ("OU"), alleging harassment, retaliation, and discrimination based on national origin, gender, and race. OU has moved to dismiss the complaint on the bases of failure to exhaust administrative remedies and failure to state a claim.

Patil filed a charge of discrimination with the Equal Employment Opportunity Commission on December 16, 2013. OU does not appear to challenge the alleged fact that plaintiff exhausted his administrative remedies as to the dismissal. Rather, it apparently seeks to dismiss some of the factual background allegations included in the petition. However, there is no indication that those allegations are anything other than allegations of background or evidentiary facts. They do not reflect an effort to assert some discrete or

separate claim from the dismissal and there is nothing improper about reciting background facts. See Smothers v. Solvay Chemicals, Inc., 740 F.3d 530, 543–44 (10th Cir. 2014) ("Even when an incident of alleged employer discrimination or retaliation does not support an independent retaliation claim, it may be relevant as background evidence in a pretext inquiry."). Insofar as OU's motion asserts a failure to exhaust administrative remedies, it will be denied.

In evaluating a challenge to the sufficiency of the complaint under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). The complaint need only present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must, however, contain enough factual allegations "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

OU asserts that its medical residency program is a "hybrid academic and employment relationship," Doc. No. 11, p. 7, and that because its decision to terminate Patil's residency was academic in nature, his claims, asserting discrimination and retaliation in employment, must be dismissed. Of course, whether the decision to terminate plaintiff was in fact based on academic factors or whether it was based on an impermissible basis, as plaintiff suggests, is what this case is about. The court cannot simply assume the accuracy of OU's version of what motivated its decision. Whatever impact the hybrid nature of the relationship may have on the ultimate disposition of the case, it is not a basis for dismissing plaintiff's claims now.

See Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1165–68 (10th Cir. 2000) and Shah v. Okla., 485 F. App'x 971, 973–75 (10th Cir. 2012) (both assuming, without discussion, that Title VII applies in the residency/educational context). The claims are otherwise sufficiently pled.

Defendant's motion to dismiss [Doc. #11] is **DENIED.**

**IT IS SO ORDERED**.

Dated this 11th day of May, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE